UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
WESTPORT MANAGEMENT, LLC,

                                                                                   **VERIFIED COMPLAINT**

                        Plaintiff,

   -against-

OSRAM SYLVANIA PRODUCTS, INC.;
SKLAR PURCHASING CORP. as successor of J. SKLAR
MANUFACTURING CO. INC.; QUALITY BUS SALES
AND SERVICE, INC.,

                        Defendants.
-------------------------------------------------------------------------x

      Plaintiff, Westport Management Inc., as its complaint against Defendants Osram Sylvania Products, Inc., Sklar Purchasing Corporation, as successor of J. Sklar Manufacturing Co., Inc., and Quality Bus Sales and Services, Inc. (collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

    1.    This action is brought pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9601 et. seq. as amended by the Superfund Amendments and Reauthorization Act of 1986, and the common law of the State of New York governing nuisance and successor liability.

    2.    Plaintiff seeks:

        a.    recovery of necessary costs of response resulting from the release of hazardous substances at and from the premises known as 201 Charles Street, Maybrook, New York ("the Site");

  b. a judgment under CERCLA, 42 U.S.C. §9613 (f), for Defendants' respective Fair Share of all costs which Plaintiff has incurred, or will incur, relating to the release of hazardous substances at the Site;

  c. a declaratory judgment under CERCLA, 42 U.S.C. §9613 (g) (2), that Defendants are strictly, jointly and severally liable for all costs which Plaintiff has incurred or will incur as necessary costs of response; and

  d. damages and injunctive relief under New York State common law resulting from the release of hazardous substances at the Site.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the causes of action arising under CERCLA pursuant to 28 U.S.C. §1331 and 42 U.S.C. §9613(b), and has supplemental jurisdiction over the claims arising under the common law of the State of New York pursuant to 28 U.S.C. §1367(a).

4. Venue lies in this judicial district, pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §9613 (b), because the release of hazardous substances occurred and are occurring within this judicial district in the Village of Maybrook, County of Orange, State of New York.

## THE PARTIES

5. Plaintiff, Westport Management, LLC ("Westport") is a New York limited liability company, and is the owner of the Site.

6. Defendant Sklar Purchasing Corporation ("Sklar Purchasing") as successor of Sklar Manufacturing Co., Inc. ("Sklar Manufacturing") is a business corporation with its principal business address at 889 South Matlack Street, Westchester, Pennsylvania.

7. Defendant Osram Sylvania Products, Inc. ("Osram") is a Delaware Corporation with its principal business address at 200 Ballardville Street, Wilmington, Massachusetts.

8. Defendant Quality Bus Sales and Service Inc. ("Quality Bus") is a New York Corporation with its principal business address at 2900 Route 9, Ballston Spa, New York.

9. Defendants are all previous owners or tenants of the Site, and have conducted, directed, or otherwise been involved with business operation on the Site.

## STATEMENT OF FACTS

10. In or about February 2016, Westport discovered environmental contamination in the soil and groundwater of the Site. The contamination consists of chlorinated solvents including a substantial plume of Tetrachloroethylene ("PCE"), Trichloroethene ("TCE"), Dichloroethene ("1,2 DCE"), and 1, 1, 1 Trichloroethane ("1.1,1 TCA").

11. Upon information and belief, chlorinated solvents such as those found on the Site are commonly used as cleaning and degreasing agents in industries that manufacture and/or maintain products or equipment with metal components.

12. In or about the 1970s and 1980s, Sklar Manufacturing owned and operated the subject property as a manufacturer and distributor of metal surgical instruments.

13. Upon information and belief, Sklar Manufacturing used PCE and other chlorinated solvents on the Site as cleaning agents for its metal manufacturing.

14. Upon information and belief, in 1985, Sklar Purchasing purchased substantially all of the assets of Sklar Manufacturing, including its liabilities.

15. Upon information and belief, Sklar Manufacturing is no longer in existence.

16. Upon information and belief, Sklar Purchasing is the successor entity to Sklar Manufacturing.

17. Defendant Osram owned and operated the Site as a manufacturer of lighting products from approximately the mid-1980s to 2005.

18. Upon information and belief, Defendant Osram used PCE and other chlorinated solvents on the Site for cleaning the metal components of its lighting products.

19. Defendant Quality Bus was the sole tenant on the Site from February 1, 2006 through January 31, 2016.

20. Defendant Quality Bus sold, manufactured, repaired, and maintained bus vehicles on the Site.

21. Upon information and belief, Quality Bus used PCE and other chlorinated solvents as cleaning and degreasing agents on the Site in connection with its selling, manufacturing, repairing, and maintaining bus vehicles.

22. On or about September 2005, Westport acquired title to the Site.

23. Westport has never occupied the Site nor conducted any business operations on the Site.

24. Upon Westport's discovery of contamination on the Site it undertook steps to conduct a voluntary clean-up of the Site.

25. On or about May 2016, Westport submitted a Site Investigation Report and Proposed Remediation Plan ("Remediation Plan") to the New York State Department of Environmental Conservation ("DEC"). The Remediation Plan was approved and remediation was conducted.

26. Remediation at the Site is ongoing with Westport having discovered additional contamination during the course of its remedial activities.

27. To date, Westport has spent in excess of $500,000.00 in remediating the contamination on the Site, and remediation efforts are ongoing.

## FIRST CLAIM – CERCLA §107

28. Plaintiff repeats each and every allegation contained in paragraphs "1" through "27" of this complaint as if fully set forth at this point.

29. The Site is a "facility" as that term is defined in Section 101 (9) of CERCLA, 42 U.S.C. §9601 (9).

30. Defendants are "persons" as that term is defined in Section 101 (21) of CERCLA, 42 U.S.C. §9601 (21).

31. Defendants disposed and/or arranged for disposal at the Site of wastes containing hazardous substances, as that term is defined in section 101 (14) of CERCLA, 42. U.S.C. §9601 (14).

32. As defined in Section 101 (22) of CERCLA, 42 U.S.C. § (22), there has been a release of hazardous substances into the environment.

33. Plaintiff has incurred, and will continue to incur, costs of response to the release of hazardous substances at and from the Site.

34. Defendants, and each of them are covered persons made liable by Section 107 (a) of CERCLA, 42 U.S.C. §9607 (a), for all response costs of Plaintiff that have accrued or will accrue.

35. Defendants, and each of them, are strictly, jointly and severally liable for all past and future response costs incurred by Plaintiff at the Site.

## SECOND CLAIM – CERCLA §113

36. Plaintiff repeats each and every allegation contained in paragraphs "1" through "35" of the complaint as if fully set forth at this point.

37. Pursuant to Section 113 (f) (1) of CERCLA, 42 U.S.C. §9613 (f) (1), any person may seek contribution from any other person who is liable or potentially liable under Section 107 (a) of CERCLA, 42 U.S.C. §9607 (a).

38. Plaintiff is a "person" within the meaning of Section 101 (21) and 113 (f) (1) of CERCLA, 42 U.S.C. §§9601 (21) and 9613 (f) (1).

39. Defendants are liable or potentially liable under Section 107 (a) of CERCLA, 42 U.S.C. §9607 (a).

40. Pursuant to Sections 113 (f) (1) and (g) (2) of CERCLA, 42 U.S.C. §9613 (f) (1) and (g) (2), Plaintiff is entitled to contribution from Defendants for any response costs incurred and for any future response costs to be incurred in connection with the Site and to an allocation by the Court of any such response costs and/or future response costs by Defendants using such equitable factors as the Court determines are appropriate.

## THIRD CLAIM – COMMON LAW NUISANCE

41. Plaintiff repeats each and every allegation contained in paragraphs "1" through "40" of the complaint as if fully set forth at this point.

42. Defendants' disposal of hazardous materials at the Site has substantially interfered with Plaintiffs' right to use and enjoy its premises.

43. Defendants' conduct was intentional, reckless and/or negligent and was unreasonable under all circumstances.

44. By virtue of defendants' actions, they have created a nuisance on plaintiff's premises.

**WHEREFORE,** Plaintiff prays judgment:

a. On the first claim, for all necessary costs of response, including attorney and expert fees and interest, incurred by Plaintiff in response to the release of hazardous substances at and from the Site;

b. On the first claim, for declaratory relief, pursuant to 42 U.S.C. §9613(g)(2), requiring Defendants, jointly and severally, to reimburse Plaintiff for all future necessary of response costs relating to the release of hazardous substances at the Site;

c. On the second claim, pursuant to 42 U.S.C. 9613(f), for Defendants' respective fair share of all response costs which plaintiffs have incurred, or will incur, relating to the release and of hazardous substances at the Site;

d. On the third claim, for injunctive relief requiring Defendants to completely abate the nuisance at the Site;

e. On the third claim, for incidental, consequential and compensatory damages for all costs and expenses incurred by Plaintiff in abating the nuisance which exists at the Site, in an amount to be determined at trial;

f. Together with such other and further relief, including court costs, attorney and expert fees, as the Court deems just, proper and equitable.

Dated: Walden, New York
March 13, 2018

*(signature)*
Kelly A. Pressler, Esq. (KP0511)
Jacobowitz and Gubits, LLP
*Attorneys for Plaintiff*
158 Orange Avenue, P.O. Box 367
Walden, New York 12586-0367
Telephone: (845) 778-2121
Facsimile: (845) 778-5173

## LIMITED LIABILITY CORPORATE VERIFICATION

STATE OF NEW YORK )
                              ss:
COUNTY OF ORANGE )

HARRY LPSTEIN, being duly sworn, says:

I am a member of WESTPORT MANAGEMENT, LLC, plaintiff limited liability corporation in the action herein.

I have read the annexed Complaint dated March 13, 2018, know the contents thereof and the same are true to my knowledge, except those matters therein which are to be alleged on information and belief, and as to those matters I believe them to be true.

                                             HARRY LPSTEIN

Sworn to before me this 13th
day of March, 2018.

_____
Notary Public

        GERYL T VITAGLIANO
   Notary Public, State of New York
          No. 01VI5065373
     Qualified in Orange County
  Commission Expires September 3rd, 2018